IN THE UNTED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Barry W. Spencer, and all others )
similarly situated, )
        Plaintiffs )
)
v. )   CASE NO  8:06CV281-T26
)                      MAP
Frank Quesada, in his official capacity )
and in his individual capacity, )
and all others similarly situated, )
        Defendants. )

**PETITION AND COMPLAINT IN THE NATURE OF A SUIT FOR DEPRIVATION
OF FEDERALLY PROTECTED RIGHTS - 42 USC 1983 ,
REQUESTING JURY TRIAL AND INJUNCTIVE RELIEF, and
invoking Ex Parte Young [doctrine], 209 U.S. 123 against sovereign immunity**

**Brief in support of suit under authority of 42 U.S. C. § 1983**

**Subject matter jurisdictional statement**

FEDERAL QUESTON JURISDICTION: 28 U.S.C. § 1331: The federal district court has subject matter jurisdiction to consider this claim under authority of 42 U.S. C. § 1983 and by virtue of the sufficient pleadings clearly articulating trespass on Constitutionally Protected Rights and under the common law authorities of *Gomez v. Toledo,* 466 U.S. 635, 640 (1979), *U. S. v. Price,* 383 U.S. 787(1966), *U.S. v. Guest,* 383 U.S. 745 (1966), *Simmons v. United States,* 390 U.S. 377 (1968), *Miller v. United States,* 230 F.2d 486, *CODISPOTI ET AL. v. PENNSYLVANIA* (06/26/74) SUPREME COURT OF THE UNITED STATES, 418 U.S. 506, 94 S. Ct. 2687, 41 L. Ed. 2d 912, *NILVA v. UNITED STATES* (02/25/57) SUPREME COURT OF THE UNITED STATES, 352 U.S. 385, 77 S. Ct. 431, 1 L. Ed. 2d 415, *SACHER ET AL. v. UNITED STATES* (03/10/52), SUPREME COURT OF THE

UNITED STATES, 343 U.S. 1, 72 S. Ct. 451, 96 L. Ed. 717, and ***UNITED STATES v. AGURS*** (06/24/76), SUPREME COURT OF THE UNITED STATES, 427 U.S. 97, 96 S. Ct. 2392, 49 L. Ed. 2d 342. Declaratory judgment relief, having been denied by the Florida Circuit Court, is not available to Plaintiff, as that court dismissed Plaintiff's Petition for Declaratory Judgment without a hearing. Any claim of immunity is overcome by ***Ex Parte Young*** [doctrine], 209 U.S. 123.

### Statement of in personam jurisdiction

This court has in personam jurisdiction over Frank Quesada by virtue of the fact that Quesada violated 42 U. S. C. § 1983 within the geographic boundaries of the Middle District of Florida, Tampa Division.

### Statement of venue

Venue is appropriate in the Middle District of Florida, Tampa Division, as the violations of 42 U.S.C. § 1983 occurred in the geographic confines of the Middle District of Florida, Tampa Division.

### Theory of the case

This is quite simply an outrageous case of judicial arrogance against Plaintiff, by Defendant judge Frank Quesada, without provocation or justification based upon any legal or logical rationale. There is nothing complicated or complex regarding the case. Simply stated: The IRS filed a lien against Plaintiff Spencer, who exercised his statutory [Florida Statute (F.S.) 713.21] right to file a show cause complaint [CASE NO. 05-4632-Cl-8] and summons against the Commissioner, IRS [CIR]. When CIR failed to respond to the complaint and summons, Plaintiff Spencer, in accordance with F.S. 713.21, respectfully requested Defendant

judge Quesada to dismiss the lien. Instead of performing the non-discretionary administrative duty of dismissing the lien, as required by F.S. 713.21, Defendant Quesada assumed subject matter jurisdiction without authority, and, contrary to the provisions of F.S. 713.21, dismissed Plaintiff's complaint for failure to state a claim upon for which relief could be granted. Seeking redress of grievances, Plaintiff moved to vacate the void dismissal order and challenged Defendant to prove subject matter jurisdiction. Defendant Quesada refused to vacate the void order, refused to justify subject matter jurisdiction, and refused Plaintiff's motion to hear the matter. Plaintiff then filed a Petition for Declaratory Judgment, thereby granting Defendant a second opportunity to perform the non-discretionary, statutorily required administrative duty of dismissing the lien. In defiance of law, reason, and his oath to support the State and U.S. Constitutions, Defendant Quesada stomped on Plaintiff's due process rights by arrogantly dismissing the Petition without the hearing requested by Plaintiff. Defendant Quesada's arrogant and law-defying actions constituted numerous violations of Plaintiff's due process rights. Defendant Quesada acted unlawfully under authority of color of law, thereby empowering Plaintiff to seek redress under 42 USC 1983 for violations of Plaintiff's civil rights, as delineated in the First, Fourth, Fifth, and Fourteenth Amendments of The United States Constitution.

**Note: The following predicate acts are based on Florida sixth judicial circuit court CASE NO. 05-4632-CI-8.**

FIRST PREDICATE ACT IN VIOLATION OF 42 USC 1983: August 24, 2005, predicate actor Frank Quesada, Florida circuit court judge, in absence of authorized jurisdiction, issued a fraudulent order under color of law, and in violation of Florida Statute

[F.S.] 713.21, which, instead of dismissing an illegal IRS lien against Plaintiff, as required by F.S. 713.21, dismissed Plaintiff's complaint for failure to state a claim upon which relief could be granted. Judge Quesada failed and refused to perform the statutorily required ministerial function of dismissing the lien, and this failure violated Plaintiff's federally protected rights, *inter alia,* the First, Fourth, Fifth, and Fourteenth Amendments of The United States Constitution. Judge Quesada, with malice aforethought, acted, under color of law, to violate Plaintiff's Fifth and Fourteenth Amendment rights to due process and to meaningful access to the court for his First Amendment right to petition for redress of grievances. Plaintiff was deprived of the Fourth and Fourteenth Amendment protection of his property without due process of law, and was subjected to great personal stress and financial harm, resulting in the loss of about $1660.00 bi-weekly from his paycheck. A jury shall determine that Frank Quesada absolutely violated 42 USC 1983 by the fraud which occurred on August 24, 2005.

### Memorandum of law re administrative/ministerial duties

*A judge ceases to sit as a judicial officer because the governing principle of administrative law provides that courts are prohibited from substituting their evidence, testimony, record, arguments, and rationale for that of the agency. Additionally, courts are prohibited from substituting their judgment for that of the agency. Courts in administrative issues are prohibited from even listening to or hearing arguments, presentation, or rationale.* ASIS v. US, 568 F2d 284. *Ministerial officers are incompetent to receive grants of judicial power from the legislature, their acts in attempting to exercise such powers are necessarily nullities.* Burns v. Sup. Ct., SF, 140 Cal. 1. *There is no discretion to ignore that lack of jurisdiction.* Joyce v. US, 474 F2d 215. *The burden shifts to the court to prove jurisdiction.* Rosemond v. Lambert, 469 F2d 416. *Court must prove on the record, all jurisdiction facts related to the jurisdiction asserted.* Lantana v. Hopper, 102 F2d 188; Chicago v. New York, 37 F Supp150.

SECOND PREDICATE ACT IN VIOLATION OF 42 USC 1983: August 24, 2005, predicate actor Frank Quesada, Florida circuit court judge, in absence of statutory or common law authority, or competent fact witness evidence, testimony, or admissions on the record, assumed unauthorized jurisdiction and issued a fraudulent order under color of law in violation of Florida Statute [F.S.] 713.21, which, instead of dismissing an illegal IRS lien against Plaintiff, as required by F.S. 713.21, dismissed Plaintiff's complaint for failure to state a claim upon which relief could be granted. Frank Quesada failed and refused to perform the statutorily required ministerial function of dismissing the lien, which violated Plaintiff's Fifth and Fourteenth Amendment rights to due process and to meaningful access to the court for his First Amendment right to petition for redress of grievances. Plaintiff was deprived of the Fourth and Fourteenth Amendment protection of his property without due process of law, and was subjected to great personal stress and financial harm, resulting in the loss of about $1660.00 bi-weekly from his paycheck. A jury shall determine that Frank Quesada absolutely violated 42 USC 1983 by the fraud which occurred on August 24, 2005.

### Memorandum of law re jurisdiction

*There is no discretion to ignore that lack of jurisdiction.* Joyce v. US, 474 F2d 215. *The burden shifts to the court to prove jurisdiction.* Rosemond v. Lambert, 469 F2d 416. *Court must prove on the record, all jurisdiction facts related to the jurisdiction asserted.* Lantana v. Hopper, 102 F2d 188; Chicago v. New York, 37 F Supp150. *A universal principle as old as the law is that a proceedings of a court without jurisdiction are a nullity and its judgment therein without effect either on person or property.* Norwood v. Renfield, 34 C 329; Ex parte Giambonini, 49 P. 732. *Jurisdiction is fundamental and a judgment rendered by a court that does not have jurisdiction to hear is void ab initio.* In Re Application of Wyatt, 300 P. 132; Re Cavitt, 118 P2d 846. *Thus, where a judicial tribunal has no jurisdiction of the subject matter on which it assumes to act, its proceedings are absolutely void in the fullest sense of the term.* Dillon v. Dillon, 187 P 27. *A court has no jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in the first instance.*

Rescue Army v. Municipal Court of Los Angeles, 171 P2d 8; 331 US 549, 91 L. ed. 1666, 67 S.Ct. 1409. *A departure by a court from those recognized and established requirements of law, however close apparent adherence to mere form in method of procedure, which has the effect of depriving one of a constitutional right, is an excess of jurisdiction.* Wuest v. Wuest, 127 P2d 934, 937. *Where a court failed to observe safeguards, it amounts to denial of due process of law, court is deprived of juris.* Merritt v. Hunter, C.A. Kansas 170 F2d 739.

THIRD PREDICATE ACT IN VIOLATION OF 42 USC 1983: August 25, 2005, predicate actor Frank Quesada, Florida circuit court judge, received Plaintiff's MOTION TO VACATE VOID ORDER AND TO ORDER CANCELLATION OF THE LIEN. This motion did not confer jurisdiction upon Frank Quesada or the court, but did specifically obligate him to perform the administrative/ministerial acts of: a- vacating his void order dismissing Plaintiff's complaint; and b- dismissing the subject IRS lien as required statutorily by F.S. 713.21. By refusing, subsequently under color of law, to allow a hearing on, or to comply with, MOTION TO VACATE VOID ORDER AND TO ORDER CANCELLATION OF THE LIEN, Defendant continued the financial harm to Plaintiff that accrued from having the lien officially on the county's records. Defendant violated Plaintiff's Fifth and Fourteenth Amendment rights to due process and to meaningful access to the court for his First Amendment right to petition for redress of grievances. Plaintiff was deprived of the Fourth and Fourteenth Amendment protection of his property without due process of law, and was subjected to great personal stress and financial harm, resulting in the loss of about $1660.00 bi-weekly from his paycheck. A jury shall determine that Frank Quesada absolutely violated 42 USC 1983 by the fraud which occurred on August 25, 2005.

**Memorandum of law regarding void judgments**

*Void judgment is one where court lacked personal or subject matter jurisdiction or entry of order violated due process*, U.S.C.A. Const. Amend. 5 - Triad Energy Corp. v.

McNell 110 F.R.D. 382 (S.D.N.Y. 1986). *__Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process,__* Fed. Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A.; U.S.C.A. Const. Amend. 5 - Klugh v. US., 620 F.Supp. 892 (D.S.C. 1985). *A void judgment is one which, from its inception, was a complete nullity and without legal effect,* Rubin v. Johns, 109 F.R.D. 174 (D. Virgin Islands 1985). *__Void judgments are those rendered by a court which lacked jurisdiction, either of the subject matter or the parties,__* Wahl v. Round Valley Bank 38 Ariz. 411, 300 P. 955 (1931); Tube City Mining & Milling Co. v. Otterson, 16 Ariz. 305, 146 P. 203 (1914); and Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 2d 278 (1940). *__A void judgment which includes judgment entered by a court which lacks jurisdiction over the parties or the subject matter, or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that the party is properly before the court,__* Long v. Shorebank Development Corp., 182 F.3d 548 (C.A. 7 Ill. 1999). *__A void judgment is one which, from its inception, was a complete nullity and without legal effect,__* Lubben v. Selective Service System Local Bd. No. 27, 453 F.2d 645, 14 A.L.R. Fed. 298 (C.A. 1 Mass. 1972). *A void judgment is one which from the beginning was complete nullity and without any legal effect,* Hobbs v. U.S. Office of Personnel Management, 485 F.Supp. 456 (M.D. Fla. 1980). *Void judgment is one that, from its inception, is complete nullity and without legal effect,* Holstein v. City of Chicago, 803 F.Supp. 205, reconsideration denied 149 F.R.D. 147, affirmed 29 F.3d 1145 (N.D. Ill 1992).

FOURTH PREDICATE ACT IN VIOLATION OF 42 USC 1983: September 6, 2005, predicate actor Frank Quesada, Florida circuit court judge, received Plaintiff's Petition for Declaratory Judgment. Judge Quesada was apprised specifically that the purpose of the petition was to determine whether declaratory relief was available from the court. On September 20, 2005, Defendant Quesada, under color of law, violated Plaintiff's due process rights when he refused to address the issue of availability of declaratory relief, and dismissed Plaintiff's Petition for Declaratory Judgment for failure to state a claim upon for which relief could be granted. Defendant continued the financial harm to Plaintiff that accrued from having the lien officially on the county's records, Defendant violated Plaintiff's Fifth and Fourteenth Amendment rights to due process and to meaningful access to the court for his First Amendment right to petition for redress of grievances. Plaintiff was deprived of the Fourth

and Fourteenth Amendment protection of his property without due process of law, and was subjected to great personal stress and financial harm, resulting in the loss of about $1660.00 bi-weekly from his paycheck. A jury shall determine that Frank Quesada absolutely violated 42 USC 1983 by the fraud which occurred on September 20, 2005.

FIFTH PREDICATE ACT IN VIOLATION OF 42 USC 1983: September 30, 2005, predicate actor Frank Quesada, Florida circuit court judge, received Plaintiff's Subject Matter Jurisdiction Challenge and Demand for Hearing on Motion to Vacate Void Order. Defendant perpetrated due process fraud by ignoring the jurisdiction challenge and refused to allow Plaintiff to schedule a hearing on the pending actions, thereby continuing the financial harm to Plaintiff that accrued from having the lien officially on the county's records, Defendant violated Plaintiff's Fifth and Fourteenth Amendment rights to due process and to meaningful access to the court for his First Amendment right to petition for redress of grievances. Plaintiff was deprived of the Fourth and Fourteenth Amendment protection of his property without due process of law, and was subjected to great personal stress and financial harm, resulting in the loss of about $1660.00 bi-weekly from his paycheck. A jury shall determine that Frank Quesada absolutely violated 42 USC 1983 by the due process fraud perpetrated by Defendant Quesada.

### Memorandum of law re duty of court regarding void judgments

***When rule providing for relief from void judgments is applicable, relief is not discretionary matter, but is mandatory,*** Orner v. Shalala, 30 F.3d 1307, (Colo. 1994). See also, In re: Thomas, 906 S.W.2d at 262 (holding that trial court has not only power but duty to vacate *a void judgment*). For other authorities concurring, see: Allied Fidelity Ins. Co. v. Ruth, 57 Wash. App. 783, 790, 790 P.2d 206 (1990),Bd. of Revision (2000), 87 Ohio St.3d 363, 368, Carter v. Fenner, 136 F.3d 1000, 1005 (5th Cir. 1998), Chavez v. County of Valencia, 86 N.M. 205, 521 P.2d 1154 (1974), Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty,

Cleveland Electric Illuminating Company v. Finesilver, No. 69363 (Ohio App. Dist.8 04/25/1996), In re Marriage of Markowski, 50 Wash. App. 633, 635, 749 P.2d 754 (1988); Brickum Inv. Co. v. Vernham Corp., 46 Wash. App. 517, 520, 731 P.2d 533 (1987), In re. Thomas, 906 S.W.2d at 262, In re: Weaver Constr., 190 Colo. at 232, 545 P.2d at 1045, Leen, 62 Wash. App. at 478, Lubben v. Selective Serv. Svs. Local Bd. No. 27, 453 F.2d 645, 649, (1st Cir. 1972),Mitchell v. Kitsap County, 59 Wash. App. 177, 180-81, 797 P.2d 516 (1990), Moore v. Packer, 174 N.C. 665, 94 S.E. 449, 450, Patton v. Diemer (1988), 35 Ohio St.3d 68 Roller v. Holly, 176 U.S. 398, 409, Small v. Batista, 22 F. Supp.2d 230, 231 (S.D.N.Y. 1998), Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE, (1973), Civil § 2862.

A jury's determination that any or all of the Defendant's acts were scandalous, outrageous, and an affront to public policy justly requires punitive and exemplary damages sufficient so as to be instructional to the guilty party to effect correction of his bad behavior.

### Affidavit of Barry W. Spencer

Affiant is Barry W. Spencer, Plaintiff in this case.
Affiant avers that he is of lawful age and of sound mind; that he has first hand knowledge of the facts and circumstances of this case; that he is competent and willing to testify under oath, if need be; and that, to the best of his knowledge, everything stated in this Affidavit is true, correct, and complete, and contains no information intended to mislead or deceive.
Affiant avers that:
    On May 31, 2005, the IRS filed a federal tax lien against Plaintiff Barry W. Spencer with the Clerk of Circuit Court, Pinellas County, Florida.
    Per authority of Florida Statute [F.S.] 713.21, Plaintiff filed a show cause Complaint with Summons against the Commissioner, Internal Revenue Service [CIR] on July 7, 2005, [both amended July 18, 2005].
    The summons was served on appointed agent of CIR by a certified process server on July 19, 2005.
    Affiant is not in possession of an answer to the complaint and summons by the CIR.
    On August 10, 2005, Plaintiff petitioned the court [Defendant Frank Quesada] dismissing the lien in accordance with F.S. 713.21.
    Affiant is not in possession of an order by the court [Defendant Frank Quesada] dismissing the lien.
    Defendant Quesada dismissed Plaintiff's complaint on August 24, 2005, for failure to state a claim upon for which relief could be granted.
    On August 25, 2005, Plaintiff filed MOTION TO VACATE VOID ORDER AND TO ORDER CANCELLATION OF THE LIEN.
    Affiant is not in possession of an order by the court vacating the void order or canceling the lien.

On September 6, 2005, Plaintiff filed a Petition for Declaratory Judgment, to determine whether declaratory relief was available from the court.

On September 20, 2005, Defendant Quesada dismissed Plaintiff's Petition for Declaratory Judgment for failure to state a claim upon for which relief could be granted.

Affiant is not in possession of an order by the court declaring availability of the relief requested in the Petition for Declaratory Judgment.

On September 30, 2005, Plaintiff filed Subject Matter Jurisdiction Challenge and Demand for Hearing on Motion to Vacate Void Order.

Affiant is not in possession of an order by the court meeting the challenge to jurisdiction.

Affiant is not in possession of a court decision permitting a hearing on Motion to Vacate Void Order.

Further, Affiant saith naught.

_____
Barry W. Spencer

STATE OF FLORIDA

COUNTY OF BREVARD

Barry W. Spencer appeared before me personally on the 21 day of February, 2006, to affirm his belief that the facts contained in the foregoing instrument are true and complete, and not intended to mislead or deceive anyone, and to acknowledge that he executed the same free and voluntarily.

_____
Notary Public

My commission expires 4-5-2006

CHERYL L. LAMB
Notary Public, State of Florida
My comm. expires April 5, 2006
No. DD091936

Relief sought

At a minimum, Plaintiff seeks injunctive relief that bars jurisdiction, and directs the Defendant judge, in his official capacity, to act administratively to vacate his void orders, and to issue the statutorily required dismissal of the IRS lien. Additionally, Plaintiff seeks reimbursement from Defendant Quesada personally of all costs associated with this action, compensatory damages approximating $12,764.48, plus punitive damages of three times that

amount, based upon the arrogant and fraudulent actions of Defendant Quesada that resulted in reprehensible violations of Plaintiff's constitutional rights and financial loss, plus the stress associated therewith. Lastly, Plaintiff seeks such other relief as this honorable court deems suitable.

JURY TRIAL DEMANDED

Prepared and submitted by:

*[signature]*
Barry W. Spencer
P.O. Box 360414
Melbourne, Florida 32936